BARNETT *v.* WILSON.

4-7147                                          174 S. W. 940

Opinion delivered November 8, 1943.

302

*O. E. Westfall* and *L. W. Bower,* for appellant.

*R. K. Mason,* for appellee.

HOLT, J. April 12, 1942, appellee, an attorney at law, sued appellant, physician, in the Ouachita circuit court, 2nd Division, for professional services rendered appellant. He set out in his complaint, in twelve separate paragraphs, amounts due for certain services, and after allowing certain credits prayed for judgment in the amount of $432.10. Appellant answered with a denial that he owed appellee anything, alleged an agreement to exchange professional services, and by way of cross-complaint sought to recover from appellee $309.25 for services alleged to have been rendered to appellee.

On motion of appellant, the cause was transferred to the chancery court, it appearing that an involved accounting between the parties would be necessary. Upon a trial, at which a great amount of testimony was presented by both parties, the cause was submitted on briefs, and the court after allowing appellant $35 on his cross-complaint, entered a decree in favor of appellee for balance due in the amount of $92.87. This appeal followed.

Appellant says the issues in this case are: (1) "Was there an agreement, either expressed or implied, to exchange professional services? (2) If there were an agreement to exchange professional services, what items of service were covered? (3) Is the. appellant personally liable for services rendered to the estate of L. F. Barnett by appellee, of which the appellant was administrator? (4) If the appellant is liable personally to the appellee for services rendered the estate of which the appellant was the administrator, can the appellee, as attorney for the appellant, accept the funds of the estate, which were delivered to appellee at his request, for the purpose of paying and discharging certain obligations of the estate, and convert them to his own use, and when pressed for an accounting of the funds be permitted to give appellant credit on his personal account for the funds so received? (5) Can an attorney accept trust funds paid to him at his request, for a specific purpose and for which he agreed to use the funds, and convert to his own use and credit the same upon the personal account of the administrator who paid said funds to the attorney?"

The primary question presented is one of fact and under the long established rule of this court, unless it appears that the findings of the trial court are against the preponderance of the testimony, it is our duty to affirm the decree.

Appellant earnestly contended below, and argues here, that the parties to this litigation had an agreement to exchange professional services. The court, however, found to the contrary, and we cannot say, after a careful review of the evidence on this point, that his finding is contrary to the preponderance of the testimony. It could serve no useful purpose to embody in this opinion the testimony on this, and the other issues raised by appellant, on which the court based its findings and decree. It suffices to say that, after a careful review of all the testimony, we think it cannot be said the court's findings are contrary to the preponderance of the testimony.

With one exception, the lower court found that appellee, Wilson, represented appellant, Barnett,

individually and personally in every instance, wherein appellee makes claim for services rendered appellant, and that he did not represent Barnett as administrator for the Barnett estate, and that in the one instance where appellee represented the estate, appellant paid him in full for such services. This finding, as indicated, was, we think, supported by a preponderance of the evidence.

The record discloses that many of the checks given to appellee, by appellant, in payment for services rendered, were signed by appellant as administrator of the estate of L. F. Barnett and drawn on funds belonging to the estate. Appellee gave full credit for all of these checks on appellant's account, for services which appellee had rendered appellant individually. It further appears that appellant, in making his reports to the probate court, has never claimed the amounts represented by these checks which he gave to appellee, *supra*, as a charge against the Barnett estate, of which he, appellant, was administrator, nor did appellant report the alleged employment of Mr. Wilson to the probate court, or secure the court's approval of such employment. It also appears that another capable attorney had been employed by, and was at all times, representing the administrator of the estate. These facts, we think, strongly support the court's finding that appellee represented appellant individually and not as administrator.

Appellant argues that an attorney could not "accept trust funds paid to him at his request, for a specific purpose and for which he agreed to use the funds, and convert to his own use and credit the same upon the personal account of the administrator who paid said funds to the attorney." We think the answer to this contention is that the heirs of the Barnett estate are not parties to this suit. They are not complaining here. If appellant has wrongfully paid out trust funds in his hands, then this is a matter which, as the trial court found, addresses itself to the consideration of the probate court upon proper proceedings in that court by the parties affected.

Finding no error, the decree is affirmed.